FILED

NOV 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10144 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00133-JMS-2 |
| v. | |
| LARRY LEE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted October 8, 2014
University of Hawaii William S. Richardson School of Law
Honolulu, Hawaii

Before: TASHIMA, RAWLINSON, and CLIFTON, Circuit Judges.

Larry Lee appeals the district court's order denying his motion to suppress

evidence found in his van and his conviction based upon that evidence. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court, after considering the totality of the circumstances, found that Lee voluntarily consented to the search of his van. That finding was not clearly erroneous. The record supports the court's findings that the officers were not threatening throughout the interaction at Lee's residence, the officers had told Lee he could refuse to consent, and the officers did not threaten to obtain a warrant. *See United States v. Cormier,* 220 F.3d 1103, 1113 (9th Cir. 2000), *United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir. 1988), *and United States v. Alfonso*, 759 F.2d 728, 741 (9th Cir. 1985).

Additionally, the court did not err by considering Lee's prior criminal history and his exculpatory statements in its determination that Lee's consent was voluntary. *See Cormier,* 220 F.3d at 1113; *Alfonso*, 759 F.2d at 741. Lee's statements could be considered notwithstanding the officers' failure to give him any *Miranda* warnings. *See United States v. Patane*, 542 U.S. 630, 641-43 (2004).

Although Lee argues that the district court erred by believing the officers' testimony over Haas's and Sablan's testimony, the court of appeals gives "great[] deference" to the district court's credibility findings. *See Nichols v. Azteca Rest. Enter.,* 256 F.3d 864, 871 (9th Cir. 2001). The record does not indicate that the district court clearly erred in its credibility determination. Because we conclude

that Lee's consent was voluntary, it is not necessary to examine the issue of the automobile exception.

**AFFIRMED.**